[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16014
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A088-800-634,
A088-800-635

SHAVKAT JUMAYEV,
GULCHEKHRA DZHALILOVA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 13, 2009)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Shavkat Jumayev,[1] a native and citizen of Uzbekistan, petitions this court for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order denying him asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").[2] In his petition, Jumayev challenges the BIA's adverse credibility determination.

Where, as here, the BIA issues its own opinion and does not adopt the IJ's decision, we review only the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review credibility determinations under the substantial-evidence test and must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). "The trier of fact must determine credibility, and this court may not substitute its judgment . . . with respect to credibility findings." Id. Therefore, we will reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

---

[1] Gulchekhra Dzhalilova proceeded as a derivative beneficiary. We refer to Jumayev, as the lead petitioner.

[2] Because Jumayev fails to offer any argument related to the denial of CAT relief, he has abandoned this issue. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

To be eligible for asylum "the [applicant] must, with credible evidence, establish (1) past persecution on account of [his] political opinion or any other protected ground, or (2) a 'well-founded fear' that [his] political opinion or any other protected ground will cause future persecution." Sepulveda, 401 F.3d at 1230-31 (quoting 8 C.F.R. § 208.13(a), (b)). To qualify for withholding of removal, an applicant must establish that it is more likely than not "that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (citing 8 U.S.C. § 1231(b)(3)(A)). The applicant bears the burden of proof in establishing his eligibility for asylum and withholding of removal. See id.; 8 U.S.C. § 1158(b)(1)(B)(i). If an applicant cannot establish eligibility for asylum, he cannot meet the more stringent standard for withholding of removal. Sepulveda, 401 F.3d at 1232-33.

An applicant's testimony, if credible, may carry his burden of proof without corroboration. 8 C.F.R. § 208.13(a). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287. An adverse credibility finding must be explicit. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA's] credibility decision was not supported by 'specific, cogent

3

reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287.

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). The REAL ID Act, which applies to applications such as Jumayev's filed after the date of its enactment, provides that an adverse-credibility determination can be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. Pub. L. No. 109-13, § 101(a)(3), (d), 119 Stat. 231, 303-05 (2005). Nevertheless, "an adverse credibility determination does not alleviate the [] duty to consider other evidence produced by an asylum applicant." Forgue, 401 F.3d at 1287. In other words, the fact finder must consider all evidence introduced by the applicant. Id.

Upon review, we conclude that the BIA's adverse credibility determination was supported by substantial evidence because there were discrepancies in Jumayev's evidence. First, in his visa application, Jumayev listed Ulmas as his employer of ten years. In his testimony, however, he omitted this information until confronted with it on cross-examination. Second, when asked about corroborating evidence, Jumayev initially stated that he was afraid to take the documents with him when he fled Uzbekistan, but later admitted that the documents did not exist. Third, in his asylum application, Jumayev wrote that he was detained for eight

4

days, but in his testimony, he stated that it was seven days and at another point stated that he was tortured during his "second week" of detention. Fourth, Jumayev testified that he applied for a visa because he was afraid and in pain due to his imprisonment in 2006, but when confronted with the fact that he had applied for the visa before his imprisonment, Jumayev testified that he did so as a result of bad memories from his mistreatment in 2005. During his testimony, however, Jumayev had stated that he had forgotten about the 2005 mistreatment. Finally, in his asylum application, Jumayev explained that he was told to leave the city when he was threatened in 2005, but in his testimony, he stated he was told to leave the country.

Because the other evidence in the record does not compel a reversal of the BIA's adverse credibility determination, we deny Jumayev's petition.

**PETITION DENIED.**